BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, ETC., Plaintiff and Appellee, v. ADRIANO GONZÁLEZ, Defendant and Appellant.

No. 7234. Argued December 15, 1936.—Decided February 18, 1937.

904

*R. Rivera Zayas* and *Joaquín Velilla* for appellant. *Rafael Buscaglia* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

██ Adriano González appeals from an adverse judgment on a promissory note. The first assignment is that the district court erred in overruling a demurrer to an amended complaint for want of facts sufficient to constitute a cause of action. The second, third and fourth averments and the prayer were as follows:

"That on or about the 19th of December, 1928, the defendant herein signed and delivered in favor of the Banco Territorial y Agrícola de Puerto Rico, for value received as a loan, a promissory note which reads as follows:

" 'For $850.00 U. S. Cy. Payable on March 17, 1929. We shall pay severally to the Banco Territorial y Agrícola de Puerto Rico, at its office in Santo Domingo, D. R., or to its order, on March 17, 1929, the sum of Eight Hundred and Fifty Dollars, value received. In case of default said sum shall draw interest at 12 per cent per annum. We expresly submit ourselves to the jurisd'ction of the courts of the city of Santo Domingo and we bind ourselves to pay costs and expenses resulting from the collection of said sum, including the fees of the attorney used by the bank for said purpose. Santo Domingo, D.R., December 19, 1928. (Signed) Adriano González. José Borrás.'

"3. That upon the maturity of said promissory note, it was not paid, either in whole or in part, nor was the interest paid, by the makers of said note and hence, in an action for the collection of a promissory note brougth before the Civil and Commercial Chamber of the Court of First Instance of the Judicial District of Santo Domingo, Dominican Republic, the Banco Territorial y Agrícola de Puerto Rico obtained a judgment against the defendant herein, for

the sum of $1,088, as principal and interest since the date of said note, with $141.60 for costs incurred, with interest at 12 per cent per annum, the legal rate in Santo Domingo, a certified copy of said judgment, duly authenticated before the Consul of the United States of America in the Dominican Republic, being attached to this complaint, as a part thereof.

"4. That neither the promissory note copied in this complaint nor the interest thereon, nor the expenses undergone in its collection have been paid by the defendant, nor by any other person in his name, in spite of the constant attempts for collection made for that purpose, and also, that the defendant has neither satisfied either in whole or in part, the judgment rendered by the Civil and Commercial Chamber of the Court of First Instance of the Judicial District of Santo Domingo, which has been already mentioned, said judgment not having been judicially executed in the Dominican Republic, due to the fact that the defendant is now living in Puerto Rico, and has no property in said Republic.

"Wherefore, the plaintiff prays this Hon. Court to render judgment in this case ordering the defendant Adriano González to pay the value of the promissory note copied in the second paragraph of this complaint, with interest thereon at 12 per cent per annum, payable from the maturity of the note, and also, $141.60 as costs incurred before the Civil and Commercial Chamber of the Court of First Instance of the Judicial District of the Dominican Republic; that is, the equivalent of the judgment rendered by said court, with the costs, expenses and attorneys' fees resulting from this action."

Appellant assumes that the action was based entirely on the judgment described in the complaint, not on the note. Appellant's contention is that the judgment was a nullity as to González for want of jurisdiction over the person of González as shown by the certified copy of the judgment itself attached to the complaint in connection with other facts stated in the complaint. It may be that in this contention appellant is clearly right. We cannot assume with appellant, however, that plaintiff's right to recovery rests entirely on the validity of the Dominican judgment. Plaintiff's original cause of action was not merged in the void judgment. 34

C.J. 768, Section 1183; 33 C.J. 1130, Section 77. The complaint is ambiguous and uncertain, but viewed as a suit on a promissory note, it states facts sufficient to constitute a cause of action.

▪ The second assignment is that the district court erred in admitting the Dominican judgment as evidence. Defendant objected to the introduction of the judgment without stating the ground of his objection. When asked to specify the grounds he said the document had not been duly identified. The objection now is that the American Consul, in his certificate, did not state that the secretary who certified the judgment was "the official having the custody of the original." See Subdivision 8 of Section 431 Code of Civil Procedure. Inasmuch as appellant now insists and appellee admits that the judgment was void and inasmuch as it otherwise appears that the introduction thereof in evidence did not in any way affect the final result in the district court, the error, if any, was harmless. *Camacho* v. *Balasquide*, 19 P.R.R. 596; *Silva* v. *Carbonell*, 35 P.R.R. 224.

▪ The third assignment is that the district court erred in entering a certain order dated July 26, 1935. When the note was offered in evidence the district judge sustained an objection on the ground of merger. The order of July 26th reads as follows:

"After studying the pleadings and proof offered by the parties at the trial held in this case, we notice that we erred in not admitting in evidence the promissory note offered by the plaintiff and which was identified as evidence offered and not admitted. Inasmuch as such error is of such a nature that it prevents the court from rendering a proper judgment, for the sake of justice, and making use of the power conferred on every court by paragraph 8 of section 7 of the Code of Civil Procedure (1933 ed.) to amend and control its process and orders so as to make them conformable to law and justice, this court orders the parties to appear at a hearing which shall be held on August 5th, at 9 A.M., at which the plaintiff shall have an opportunity to offer again in evidence the promissory note for

$850.00 made by the defendant on December 19, 1928, to the order of the Banco Territorial y Agrícola, payable on March 17, 1929, and which was identified as evidence offerred and not admitted. The defendant, on his part, may offer any other evidence which, for the defense of his rights, may be made necessary by the admission of said promissory note.''

This order was made during the regular vacation period but not in chambers. The court was acting at a special session called for the purpose of dispatching the usual special calendar business on Fridays; for the hearing and disposal of such pending criminal cases as the court might deem it necessary to set for trial; for the rendition of pending judgment in civil and criminal cases and for any other action of urgent character in matters requiring immediate attention. Appellant does not claim that either a judgment rendered as a special session or any ''action of urgent character in matters requiring immediate attention'' would have been invalid.

After the case had been submitted the district judge discovered his mistake in refusing to admit the promissory note when offered by plaintiff as evidence. The inevitable result of this mistake, if not corrected by the judge himself, would have been a temporary failure of justice and a reversal on appeal from any judgment which the district judge could have rendered. In order to avoid this result the district judge reversed his ruling, reopened the case and fixed the date for a further hearing. The reversal of that ruling and the reopening of the case, although interlocutory rather than final, was in the nature of a ''pending judgment'' in a civil case. In any event, the determination of what is or is not ''action of urgent character in matters requiring immediate attention'' is a matter within the sound discretion of the district court.

The case of *Bird* v. *Roig,* 21 P.R.R. 387, is not authority for the contention that plaintiff's original action against González was merged in the Dominican judgment.

908

What we have said disposes of appellant's contention under the fourth and fifth assignments as far as presented in the brief.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.